IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERMAINE WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1542 |
| | ) | |
| v. | ) | Honorable Elaine E. Bucklo |
| | ) | Judge Presiding |
| ERIC MICHAELEK, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE
LIMITED MOTION FOR PARTIAL SUMMARY JUDGMENT
ON THE ISSUE OF EXHAUSTION UNDER THE P.L.R.A.**

NOW COME the Defendants, DANIEL LUCE, DAVID MANSFIELD, TAMMY GARCIA and ERIC MICHAELEK, by and through their attorney LISA MADIGAN, Attorney General of the State of Illinois, and moves this Honorable Court for an order granting leave to the Defendants to file a Motion for Summary Judgment limited only to the issue of exhaustion under the Prison Litigation Reform Act (P.L.R.A.). In support of this motion, Defendants state as follows:

1. Plaintiff, an inmate incarcerated at Hill Correctional Center, filed this lawsuit pursuant to 42 U.S.C. §1983 alleging that Defendants violated his constitutional rights.

2. As a prisoner, Plaintiff is required under the Prison Litigation Reform Act ("P.L.R.A.") to exhaust his administrative remedies by completing the grievance process prior to filing suit in federal court. 42 U.S.C. §1997e(a). Although failure to exhaust administrative remedies is not a jurisdictional defect, the court lacks discretion to resolve the claim on its merits if the prisoner did not exhaust. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 533, 535 (7th Cir. 1999). Therefore, the issue of exhaustion should be resolved by the court at the outset of the

litigation, prior to discovery and before addressing the merits of the suit. *Pavey v. Conley*, 2008 WL 2277494 at * 2-3 (7th Cir., June 5, 2008); *Perez*, 182 F.3d at 536.

3.  On June 5, 2008, the Seventh Circuit issued its decision in *Pavey v. Conley*, 2008 WL 2277494 at * 2-3 (7th Cir., June 5, 2008), and further emphasized what was made abundantly clear in *Perez*, 182 F.3d at 536, that the issue of exhaustion under the P.L.R.A. should be addressed at the outset of the litigation. The Court set forth the procedure to be followed when exhaustion is contested:

> (1) The district court judge conducts a hearing on exhaustion and permits whatever discovery related to exhaustion (and only to exhaustion) he deems appropriate. (2) If the Judge determines that the prisoner did not exhaust his administrative remedies, he will then determine whether (a) the plaintiff has unexhausted remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner has exhausted his administrative remedies.

*Pavey*, at * 2.

4.  Defendants respectfully submit that in this case, engaging in discovery and conducting a hearing on exhaustion are not necessary, as Defendants' motion for summary judgment incorporates all evidence relevant to Plaintiff's exhaustion of his legal mail issues. This evidence shows that no issues of material fact exist which could be addressed at a hearing. Further, inmates

are given copies of all responses to their grievances, so Plaintiff should already be in possession of any evidence necessary to rebut Defendants' arguments regarding exhaustion of administrative remedies. (*See* Ex. B of Motion for Summary Judgment, Affidavit of Melody Ford). Plaintiff will have the opportunity to present evidence in his Response to Defendants' motion for summary judgment.

5. Further, Defendants' motion for summary judgment attaches all relevant evidence derived from Plaintiff's inmate master file with regard to his grievances. Defendants attach an affidavit signed by Amy Eldert, a Records Office Supervisor at Hill Correctional Center, in which she outlines in detail the grievances filed by Plaintiff on the legal mail issue, and Plaintiff's failure to complete the grievance process as to those grievances. (*See* Ex. A of Motion for Summary Judgment). Attached to Eldert's affidavit are all of the grievance documents in connection with Plaintiff's legal mail grievances. (*See* Ex. A of Motion for Summary Judgment, attachments A1-A6). Defendants also attach an affidavit signed by Melody Ford, an Administrative Review Board Chairperson, stating that the ARB has no record of any grievance appeals by Plaintiff involving legal mail issues. (*See* Ex. B of Motion for Summary Judgment). Based on this evidence, Defendants submit that there are no material issues of fact on the issue of exhaustion that could be decided at a hearing.

6. Defendants contend that after a review of the evidence, the Court must dismiss the case as is instructed by scenario 2(c) in *Pavey*: the failure to exhaust was the prisoner's fault, in which event the case is over.

7. A good faith basis exists for filing a Motion for Summary Judgment as to the issue of Plaintiff's failure to exhaust his administrative remedies under the P.L.R.A..

8.     By raising the issue of exhaustion at the outset of the litigation, Defendants are not waiving their right to raise the issue after discovery on the merits should the Court allow the case to go forward.

9.     As Plaintiff's failure to exhaust administrative remedies bars this lawsuit and deprives the Court of discretion to address the merits of this case, an efficient use of the Court's resources and time would be best served by allowing Defendants to file this motion at the outset of the litigation.

10.    Defendants request that the Court grant them leave to file a Motion for Summary Judgment on the sole issue of exhaustion without waiving their right to raise the issue in a dispositive motion at the close of discovery should the Court deny the instant motion.

WHEREFORE, Defendants pray that this Honorable Court grant Defendants leave to file a Motion for Summary Judgment limited to the single issue of exhaustion without waiving their right to raise the issue after discovery if necessary.

                                      Respectfully submitted,

LISA MADIGAN                 By:    s/Lea T. Nacca
Attorney General of Illinois                 LEA T. NACCA
                                            Assistant Attorney General
                                            General Law Bureau
                                            100 W. Randolph St., 13th Fl.
                                            Chicago, Illinois  60601
                                            (312) 814-4491