IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERMAINE WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1542 |
| | ) | |
| v. | ) | Honorable Elaine E. Bucklo |
| | ) | Judge Presiding |
| ERIC MICHAELEK, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
ON THE ISSUE OF EXHAUSTION UNDER THE P.L.R.A.**

NOW COME the Defendants, DANIEL LUCE, DAVID MANSFIELD, TAMMY GARCIA and ERIC MICHAELEK, by and through their attorney, LISA MADIGAN, Attorney General of Illinois, and hereby move this Honorable Court to grant them judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and in support thereof state as follows:

1. Plaintiff, JERMAINE WALKER, is an inmate in the custody of the Illinois Department of Corrections and is currently incarcerated at Hill Correctional Center. The alleged violations of his constitutional rights occurred at Stateville Correctional Center.

2. Plaintiff brings this action against the Defendants, DANIEL LUCE, DAVID MANSFIELD, TAMMY GARCIA and ERIC MICHAELEK, alleging that Defendants interfered with and delayed his "legal mail" from the "Supreme Court" and U.S. District Court in May and June, 2007. Plaintiff also alleges that his "legal mail" from the courts was opened and read outside of his presence. Plaintiff claims his "civil rights" were violated by Defendants' actions.

3. Defendant LUCE was, at the time of the alleged violation, a Corrections Counselor at Stateville Correctional Center.

4. Defendant MANSFIELD was, at the time of the alleged violation, a Corrections Counselor at Stateville Correctional Center.

5. Defendant MICHAELEK was, at the time of the alleged violation, a Correctional Officer at Stateville Correctional Center.

6. Defendant GARCIA was, at the time of the alleged violation, a Correctional Counselor and Grievance Officer at Stateville Correctional Center.

7. The P.L.R.A.'s requirement that inmates exhaust their administrative remedies has been addressed numerous times by courts in this District, the Seventh Circuit Court of Appeals and by the U.S. Supreme Court in *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed. 368 (2006), *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L. Ed. 2d 12 (2002), and *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed. 2d 958 (2001), and an extensive body of law has been developed.

8. Applying the precedent that controls these undisputed facts, summary judgment is proper in favor of Defendants and against the Plaintiff.

9. Defendants have attached a memorandum of law, with documentation, in support of this motion.

WHEREFORE, based on the foregoing, the Defendants move this Honorable Court to enter summary judgment in their favor and against the Plaintiff.

Respectfully submitted,

s/Lea T. Nacca
LEA T. NACCA
Assistant Attorney General
General Law Bureau
100 W. Randolph Street, 13th Floor
Chicago, IL 60601
(312) 814-4491