**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JERMAINE WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1542 |
| | ) | |
| v. | ) | Honorable Elaine E. Bucklo |
| | ) | Judge Presiding |
| ERIC MICHAELEK, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**LOCAL RULE 56.1 FILING**

NOW COME the Defendants, and pursuant to Local General Rule 56.1, file the following

materials referred to in his Rule 56 Motion for Summary Judgment:

**LOCAL RULE 56.1(a)(1) FILING**

1.    Affidavit of Amy Eldert, Records Office Supervisor, with attached exhibits of grievance

documents (Exhibits A1-A6).  Exhibit A.

2.    Affidavit of Melody Ford, Administrative Review Board Chairperson.  Exhibit B.

**LOCAL RULE 56.1(a)(3)(A) FILING**

1.    JERMAINE WALKER, Plaintiff, is an inmate in the custody of the Illinois Department of

Corrections and is currently incarcerated at Hill Correctional Center.  At all times material

to the allegations made in his Complaint, Plaintiff was incarcerated at Stateville Correctional

Center.  Plaintiff brings this action against the Defendants, alleging that his "civil rights"

were violated when Defendants interfered with and delayed his "legal mail" from the

"Supreme Court" and U.S. District Court in May and June, 2007.  Plaintiff also alleges that

his "legal mail" from the courts was opened and read outside of his presence.

2.    Defendant LUCE was, at the time of the alleged violation, a Corrections Counselor at

Stateville Correctional Center. He is being sued because the Plaintiff alleges that he, as a Corrections Counselor, was made aware that Plaintiff's "legal mail" was being interfered with and delayed. Defendant Luce denies violating Plaintiff's constitutional rights.

3.    Defendant MANSFIELD was, at the time of the alleged violation, a Corrections Counselor at Stateville Correctional Center. He is being sued because the Plaintiff alleges that he, as a Corrections Counselor, was made aware that Plaintiff's "legal mail" was being interfered with and delayed. Defendant Mansfield denies violating Plaintiff's constitutional rights.

4.    Defendant MICHAELEK was, at the time of the alleged violation, a Correctional Officer at Stateville Correctional Center. He is being sued because Plaintiff alleges he was a Legal Mail Officer and opened and read Plaintiff's "legal mail" outside of Plaintiff's presence. Plaintiff also alleges that Defendant Michaelek read Plaintiff's letter to the U.S. District Court, and wrote an unfounded disciplinary report against Plaintiff while Plaintiff was in segregation. Defendant Michaelek denies violating Plaintiff's constitutional rights.

5.    Defendant GARCIA was, at the time of the alleged violation, a Grievance Officer at Stateville Correctional Center. He is being sued because Plaintiff alleges Defendant Garcia violated his due process rights by not investigating Plaintiff's grievance in connection with a disciplinary report. Defendant Garcia denies violating Plaintiff's constitutional rights.

## LOCAL RULE 56.1(a)(3)(B)

1.    This Complaint is brought under 42 U.S.C. § 1983 and constitutes a federal question thereby invoking the jurisdiction of this Court under 28 U.S.C. § 1343.

2.    The allegations contained in the Complaint occurred at Stateville Correctional Center in Joliet, Illinois, which lies within the venue of the United States District Court for the Northern District of Illinois, Eastern Division.

3.    Neither jurisdiction nor venue are contested by the parties.

4.    Plaintiff, Jermaine Walker, was incarcerated within the Illinois Department of Corrections at Stateville Correctional Center in May - June, 2007.  (*See* Plaintiff's Complaint).

5.    Plaintiff was incarcerated within the Illinois Department of Corrections at Hill Correctional Center when he filed his Complaint in this matter on or about April 21, 2008 (*See* Plaintiff's Complaint).

6.    The Illinois Department of Corrections has a formal grievance procedure for inmates.  (*See* Exhibit B, Affidavit of Melody Ford).

7.    The final step in the administrative grievance procedure is an appeal to the Director, or his designee, the Administrative Review Board.   Once a final decision is made by the Administrative Review Board, a copy of its report and the Director's final decision is sent to the grieving inmate, and the originals of these documents are maintained in the ARB's files.  (*See* Exhibit B, Affidavit of Melody Ford).

8.    A search of the records of the Illinois Department of Corrections Office of Inmate Issues on behalf of the Administrative Review Board has been performed and has located no grievance appeals relating to interference with or delay of Plaintiff's legal mail.  (*See* Exhibit B, Affidavit of Melody Ford).

9.    A search of Plaintiff's inmate master file, located at Hill Correctional Center, has turned up seven grievances related to the legal mail issue alleged in the Complaint which were submitted by Plaintiff from June through October, 2007.  (*See* Exhibit A, Affidavit of Amy Eldert).

10.    Plaintiff's grievance dated June 13, 2007, complaining that his mail was delayed and tampered with, was not submitted to the Grievance Officer after Plaintiff received a response

from his counselor. Plaintiff therefore failed to exhaust his administrative remedies as to this grievance. (*See* Exhibit A, Affidavit of Amy Eldert and Attachment A1, grievance documents in connection with the June 13, 2007 grievance).

11.    Plaintiff's grievance dated June 25, 2007, complaining that his mail was delayed and interfered with, was not submitted to the Grievance Officer after Plaintiff received a response from his counselor. Plaintiff therefore failed to exhaust his administrative remedies as to this grievance. (*See* Exhibit A, Affidavit of Amy Eldert and Attachment A2, grievance documents in connection with the June 25, 2007 grievance).

12.    Plaintiff's grievance dated July 4, 2007, complaining that his "legal mail" from courts was opened and read outside of his presence, was submitted for emergency review by Plaintiff after Plaintiff received a response from his counselor. (*See* Exhibit A, Affidavit of Amy Eldert and Attachment A3, grievance documents in connection with the July 4, 2007 grievance).

13.    Emergency review of the July 4, 2007 grievance was denied by the Chief Administrative Officer, and thereafter Plaintiff submitted the grievance to the Grievance Officer. (*See* Exhibit A, Affidavit of Amy Eldert and Attachment A3, grievance documents in connection with the July 4, 2007 grievance).

14.    The Grievance Officer denied Plaintiff's grievance, and thereafter the Chief Administrative Officer concurred with the denial. (*See* Exhibit A, Affidavit of Amy Eldert and Attachment A3, grievance documents in connection with the July 4, 2007 grievance).

15.    Plaintiff failed to appeal the decision to the Director (the Administrative Review Board) as evidenced by the September 1, 2007 Grievance Officer's Report, which shows a blank signature line in the box labeled "Committed Person's Appeal To The Director." Plaintiff

therefore failed to exhaust his administrative remedies as to this grievance.  (*See* Exhibit A, Affidavit of Amy Eldert and Attachment A3, grievance documents in connection with the July 4, 2007 grievance; *see also* Exhibit B, Affidavit of Melody Ford).

16.    Plaintiff's grievance dated July 24, 2007, complaining that his "legal mail" from courts was opened and read outside of his presence, was responded to by Plaintiff's counselor.  Plaintiff then submitted the grievance to the Grievance Officer.  (*See* Exhibit A, Affidavit of Amy Eldert and Attachment A3, grievance documents in connection with the July 24, 2007 grievance).

17.    The Grievance Officer denied Plaintiff's grievance, and thereafter the Chief Administrative Officer concurred with the denial.  (*See* Exhibit A, Affidavit of Amy Eldert and Attachment A3, grievance documents in connection with the July 24, 2007 grievance).

18.    Plaintiff failed to appeal the decision to the Director (the Administrative Review Board) as evidenced by the September 1, 2007 Grievance Officer's Report, which shows a blank signature line in the box labeled "Committed Person's Appeal To The Director."  Plaintiff therefore failed to exhaust his administrative remedies as to this grievance.  (*See* Exhibit A, Affidavit of Amy Eldert and Attachment A3, grievance documents in connection with the July 23, 2007 grievance; *see also* Exhibit B, Affidavit of Melody Ford).

19.    Plaintiff's grievance dated September 4, 2007, complaining about interference with his mail from the court, was responded to by Plaintiff's counselor.  Plaintiff submitted the grievance to the Grievance Officer.  (*See* Exhibit A, Affidavit of Amy Eldert and Attachment A4, grievance documents in connection with the September 4, 2007 grievance).

20.    The Grievance Officer denied Plaintiff's grievance, and thereafter the Chief Administrative Officer concurred with the denial.  (*See* Exhibit A, Affidavit of Amy Eldert and Attachment

A4, grievance documents in connection with the September 4, 2007 grievance).

21.     Plaintiff failed to appeal the decision to the Director (the Administrative Review Board) as evidenced by the October 30, 2007 Grievance Officer's Report, which shows a blank signature line in the box labeled "Committed Person's Appeal To The Director." Plaintiff therefore failed to exhaust his administrative remedies as to this grievance. (*See* Exhibit A, Affidavit of Amy Eldert and Attachment A4, grievance documents in connection with the September 4, 2007 grievance; *see also* Exhibit B, Affidavit of Melody Ford).

22.     Plaintiff's grievance dated September 10, 2007, complaining that his incoming mail from the court was delayed, was responded to by Plaintiff's counselor. Plaintiff submitted the grievance to the Grievance Officer. (*See* Exhibit A, Affidavit of Amy Eldert and Attachment A5, grievance documents in connection with the September 10, 2007 grievance).

23.     The Grievance Officer denied Plaintiff's grievance, and thereafter the Chief Administrative Officer concurred with the denial. (*See* Exhibit A, Affidavit of Amy Eldert and Attachment A5, grievance documents in connection with the September 10, 2007 grievance).

24.     Plaintiff failed to appeal the decision to the Director (the Administrative Review Board) as evidenced by the October 26, 2007 Grievance Officer's Report, which shows a blank signature line in the box labeled "Committed Person's Appeal To The Director." Plaintiff therefore failed to exhaust his administrative remedies as to this grievance. (*See* Exhibit A, Affidavit of Amy Eldert and Attachment A5, grievance documents in connection with the September 10, 2007 grievance; *see also* Exhibit B, Affidavit of Melody Ford).

25.     Plaintiff's grievance dated October 26, 2007, complaining that his mail from the court was interfered with, was responded to by Plaintiff's counselor. Plaintiff submitted the grievance to the Grievance Officer. (*See* Exhibit A, Affidavit of Amy Eldert and Attachment A6,

grievance documents in connection with the October 26, 2007 grievance).

26. The Grievance Officer denied Plaintiff's grievance, and thereafter the Chief Administrative Officer concurred with the denial. (*See* Exhibit A, Affidavit of Amy Eldert and Attachment A6, grievance documents in connection with the October 26, 2007 grievance).

27. Plaintiff failed to appeal the decision to the Director (the Administrative Review Board) as evidenced by the January 3, 2008 Grievance Officer's Report, which shows a blank signature line in the box labeled "Committed Person's Appeal To The Director." Plaintiff therefore failed to exhaust his administrative remedies as to this grievance. (*See* Exhibit A, Affidavit of Amy Eldert and Attachment A6, grievance documents in connection with the October 26, 2007 grievance; *see also* Exhibit B, Affidavit of Melody Ford).

28. Plaintiff failed to exhaust his administrative remedies as to all seven of these grievances according to the policy and procedure established by the Illinois Department of Corrections. (*See* Exhibits A and B).

Respectfully submitted,

s/Lea T. Nacca
LEA T. NACCA
Assistant Attorney General
General Law Bureau
100 W. Randolph Street, 13th Floor
Chicago, IL 60601
(312) 814-4491

# EXHIBIT A

STATE OF ILLINOIS          )
                                 )

COUNTY OF KNOX          )

### AFFIDAVIT

    I, Amy Eldert, having first been duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

    1.    I am currently employed as the Records Office Supervisor at Hill Correctional Center, a level 2 facility within the Illinois Department of Corrections.

    2.    As Records Office Supervisor, it is my responsibility, among other things, to ensure the maintenance and accuracy of inmate master files for inmates housed at Hill Correctional Center.

    3.    At the request of the Office of the Attorney General, I searched the master file of Inmate Jermaine Walker, B-52757, for any grievances filed by him complaining about interference with or delay of legal mail at Stateville or Pontiac Correctional Centers in 2007. The following grievances were located:

    a)    Plaintiff filed a grievance on June 13, 2007 complaining that his mail was delayed and tampered with. Plaintiff's Counselor responded to his grievance on June 15, 2007. **Thereafter, Plaintiff failed to appeal the Counselor's response to the Grievance Officer.** Grievance documents in connection with this grievance are attached as Exhibit A1.

    b)    Plaintiff filed a grievance on June 25, 2007 complaining that his mail was delayed and interfered with. Plaintiff's Counselor responded to his grievance on July 12, 2007. **Thereafter, Plaintiff failed to appeal the Counselor's response to a Grievance Officer.** Grievance documents in connection with this grievance are attached as Exhibit A2.

    c)    Plaintiff filed a grievances on July 4, 2007 and July 24, 2007 complaining that his "legal mail" from courts was opened and read outside of his presence. Plaintiff's Counselor responded to his July 4, 2007 grievance on July 20, 2007, and emergency review of that grievance was denied by the Chief Administrative Officer on July 17, 2007. Plaintiff's Counselor responded to the July 24, 2007 grievance on July 30, 2007. These grievances were appealed to the Grievance Officer, who denied both grievances. Plaintiff appealed the denial to the Chief Administrative Officer, who also denied the grievances. **Plaintiff failed to appeal the grievances to the Administrative Review Board.** Grievance documents in connection with these grievances are attached as Exhibit A3.

d)    Plaintiff filed a grievance on September 4, 2007 complaining about interference with his mail from the court. Plaintiff's Counselor responded to the grievance on September 7, 2007. Plaintiff appealed the grievance to the Grievance Officer, who denied it on October 30, 2007. Plaintiff appealed the denial to the Chief Administrative Officer, who also denied the grievance on October 31, 2007. **Plaintiff failed to appeal the grievance to the Administrative Review Board.** Grievance documents in connection with this grievances are attached as Exhibit A4.

e)    Plaintiff filed a grievance on September 10, 2007 complaining that his incoming mail from the court was delayed. Plaintiff's Counselor responded to the grievance on September 13, 2007. Plaintiff appealed the grievance to the Grievance Officer, who denied it on October 26, 2007. Plaintiff appealed the denial to the Chief Administrative Officer, who also denied the grievance on October 31, 2007. **Plaintiff failed to appeal the grievance to the Administrative Review Board.** Grievance documents in connection with this grievances are attached as Exhibit A5.

f)    Plaintiff filed a grievance on October 26, 2007 complaining that his mail from the court was interfered with. Plaintiff's Counselor responded to the grievance on October 31, 2007. Plaintiff appealed the grievance to the Grievance Officer, who denied it on January 3, 2008. Plaintiff appealed the denial to the Chief Administrative Officer, who also denied the grievance on January 14, 2008. **Plaintiff failed to appeal the grievance to the Administrative Review Board.** Grievance documents in connection with this grievances are attached as Exhibit A6.

I have read the foregoing paragraphs and they are true and correct to the best of my knowledge and belief.

                                        Amy Eldert

Subscribed and sworn to before me
this _20_ day of June, 2008.

Notary Public

> "OFFICIAL SEAL"
> JEFFREY O. SUTOR
> Notary Public, State of Illinois
> My Commission Exp. 09/28/2008

2

# ATTACHMENT A1

**COMMITTED PERSON'S GRIEVANCE**

| Date: 6/13/07 | Committed Person: (Please Print) JERMAINE WALKER | ID#: B50757 |
|---|---|---|
| Present Facility: Stateville (N.R.C.) | Facility where grievance issue occurred: | Stateville (N.R.C.) |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☒ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ Other (specify): _____

☐ Disciplinary Report: ____/____/____
Date of Report          Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: Why on 6/13/07, I received 3 letters from Sherene Whitfield, Nashville, TN. 37203, and last marked on 5/29/07? Evidently, this proof that my mail is being mishandled. As this is a total of 15 days, and it shouldn't take that long for me to get my mail from the post marked date, for I've been receiving my mail on average (4-5) days from post marked date.

Previously, my normal mail & legal mail,

Relief Requested: FOR EVERY PERSONNEL AND STAFF, WHO HAD RESPONSIBILITIES FOR MY MAIL HANDLING, AND TO BE All CHARGED WITH FEDERAL OFFENSES.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____          _____          ____/____/____
Committed Person's Signature          ID#          Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 6/15/07

☐ Send directly to Grievance Officer
☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: The Mailroom is behind in processing mail due to staff shortage. Packages take longer than letters to process. All mail is delivered as quickly as possible

David Mansfield, CC1
Print Counselor's Name

David Mansfield, CC1          6/15/07
Counselor's Signature          Date of Response

**EMERGENCY REVIEW**

Date Received: ____/____/____

Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____          ____/____/____
Chief Administrative Officer's Signature          Date

ILLINOIS DEPARTMENT OF CORRECTIONS
COMM. ED PERSON'S GRIEVANCE (Contin..d)

and priority express mail have been tampered and delayed
incoming and outgoing.

# ATTACHMENT A2

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: 6/25/07 | Committed Person: (Please Print) JERMAINE WALKER | ID#: B50757 |
|---|---|---|
| Present Facility: (N.R.C.) Stateville | Facility where grievance issue occurred: (N.R.C.) Stateville | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: ____/____/____
  Date of Report
- [x] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): " LEGAL MAIL "

Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** First of all, on 6/1/07, I mailed out a first class legal document, and placed legal mail outside the envelope, to: (Criminal Division, 2650 S. California Ave., Chicago, Ill. 60608).

Evidently, (N.R.C.)'s staff are responsible for treated this letter as first class priority, for deadline purposes, but this facility failed to do their staff, titles, and duties. However, mailing my priority mail out the

**Relief Requested:** FOR ALL N.R.C.'S CORRECTIONAL OFFICERS AND MAIL ROOM STAFF CHARGED WITH FEDERAL OFFENSES, AND COMPENSATED FOR THEIR NEGLIGENCES AND MISCONDUCTS FOR THIS MALICIOUS MAIL HANDLING.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____ _____ __/__/__
Committed Person's Signature         ID#       Date

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

Date Received: 6 , 25 , 07

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: All mail is processed as quickly as possible.

David Mansfield, CCI
Print Counselor's Name

David Mansfield, CCI    7, 12, 07
Counselor's Signature   Date of Response

### EMERGENCY REVIEW

Date Received: ____/____/____

Is this determined to be an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____ __/__/__
Chief Administrative Officer's Signature    Date

institution 6 days later from letter date.

Nowadays, this really proves my past grievances, that (N.R.C.)'s staff and mailroom are tampering and delaying my mail. This is improper mail handling and misconduct. For this same type of incident occured plenty times before.

# ATTACHMENT A3

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** July 23, 2007     **Date of Review:** September 1, 2007     **Grievance #** (optional): 045690

**Committed Person:** Jermaine Walker     **ID#:** B-52757

**Nature of Grievance:** Mail Handling    Combinaton of grievances dated 07-04-07 and 07-24--07 pertaining to same issue.

**Facts Reviewed:** Offender grieves in both grievances receiving his "legal mail" opened by the gallery officer. Grievant alledges the "mail were letters from clerk of the circuit court. Grievant indicates, legally, the mail room failed to comply with the Directives in that this mail should have been only opened in his presence. (Attachments) copies of the envelopes from the court clerks.

Counselor's response indicates refer to your Orientation Manual for an explanation of legal mail. Mail from Clerks of Court are not considered legal mail when incoming. The examples you have shown here are not legal mail. Issue is moot no further action is warranted. Mail from Clerk is not legal mail.

This Grievance Officer reviewed the above correspondence, attachments and basically concurs with response of the counselor. Grievance Officer refers Grievant to his Offender Orientation Manual  pp: 20 (Mail Service)......Please be advised that incoming mail from the Clerks of Courts is not considered legal mail and is to be opened and searched prior to delivery. Outgoing mail to the Clerks of Courts is considered as legal and is handled as such..... Based upon this statement in the Offender Orientation Manual the grievance is denied.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be DENIED as he has not substantiated his allegations of mail mishandling by the above staff in the contents of the grievance.

P. HASTINGS  CCII
_____
Print Grievance Officer's Name

_____
Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

**Date Received:** 9-6-07     ☑ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

Eddie Jones
_____
Chief Administrative Officer's Signature

9-6-07
_____
Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____
Committed Person's Signature

_____
ID#

_____
Date

| Date: JULY 4, 2007 | Committed Person: (Please Print) JERMAINE WALKER | ID#: B52757 |
|---|---|---|
| Present Facility: PONTIAC C.C. | Facility where grievance issue occurred: PONTIAC C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [x] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): LEGAL MAIL

- [ ] Disciplinary Report: _____ / ____ e / ____
  Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: First and foremost, on 7/4/07, some incompetent mail room staff open and read my legal mail with out my presence. However, c/o Yunker #3474 gave me this "legal mail" open on above date.

Legalistically, the mail room staff failed to comply with his or her staff, titles, and duties. Evidently, in accordance with D.R. Part 120; (120.100 Violation of Rules), (120.140 Compliance with Laws and Regulations - "a" and c)", (120.15 Responsibilities - "a")", so this is misconduct. (CONT.)

Relief Requested: FOR EVERY RESPONSIBLE MAILROOM STAFF PENALIZED FOR D.R. PART 120; (120.100 VIOLATION OF RULES). TO BE FULLY COMPENSATED FOR THIS FEDERAL VIOLATION - PLUS, ALL INCOMING MAIL "LEGAL" OPEN IN FRONT OF MY PRESENCE.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Jermaine Walker                    B52757                    7, 4, 2007
Committed Person's Signature          ID#                        Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 7, 20, 07

- [x] Send directly to Grievance Officer
  CHALLENGE REPLY ON BACK
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Refer to your orientation manual for an explanation of legal mail. Mail from Clerks of Court are not considered legal mail when incoming.

J Grayat                                          7, 29, 07
Print Counselor's Name          Counselor's Signature          Date of Response

---

**EMERGENCY REVIEW**

Date Received: 7, 17, 07

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [x] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

Chief Administrative Officer's Signature                    2, 17, 07
                                                              Date

045690

COMMITTED PERSON'S GRIEVANCE (Continued)

Furthermore, D.R. 525.110 - "h" clearly states, "Legal mail means mail "TO and FROM" the following." And "h3)" clearly states, "Judge or Magistrates of ANY Court of the Illinois Court of Claims Judge." Wherefore, my mail was addressed from the Federal Court of Claims, "U.S. District Court." SEE EXHIBIT # 1 & 2.

## * CHALLENGE COUNSEL RESPONSE:

First of all, in accordance with Departmental Rules of I.D.O.C. ( D.R. 525.110 "(h)+(h3)" ) clearly states ANY Illinois Court of Claims Judges are considered legal mail incoming and outgoing.

Basically, the mailroom is in violation of this D.R. because my mail isn't from a Clerk of the Circuit Court, it's from Federal Court of Claims, U.S. District Court, Northern District of Illinois.

See * (D.R. 525.110 "(h) + (h3)" ), and paragraph 3 of this grievance.

NOTE: FEDERAL "Court of Claims" (OPENED) WITHOUT INMATE "Presence"

NOT "Criminal Clerk of the Court"

EX# 1

OFFICE OF
CLERK OF THE U.S. DISTRICT COURT
UNITED STATES COURT HOUSE
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

Jermaine Walker
B-52757
Pontiac – PON
P.O. Box 99
Pontiac, IL 61764

0456.90

Court of Claims

E518

NOTE : "Maid-Misconduct" NOT R. 525.110 (b)*(h3) ) EX#2



Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3083 | **DATE** | 6/28/07 |
| **CASE TITLE** | Jermaine Walker (B-52757) v. Terry McCann, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Jermaine Walker's motion for leave to file his complaint *in forma pauperis* [9] is granted. The court authorizes Stateville Correctional Center officials to deduct $51.00 from plaintiff's account. The clerk shall send a copy of this order to the trust fund account officer at Stateville Correctional Center. Plaintiff's motion for the appointment of counsel [8] is denied without prejudice. Plaintiff may proceed with his amended complaint [12] and his claims against defendants Terry McCann, Mark Hosey, and Phillip Michel. The clerk shall issue summonses for service of the amended complaint on the defendants. The clerk shall send to plaintiff Instructions for Submitting Documents with a copy of this order. The United States Marshals Service is appointed to serve defendants. To the extent plaintiff's letter to the court [14] can be construed as a motion seeking leave to file an amended complaint, the motion is denied as unnecessary. *See* Fed. R. Civ. P. 15(a). Status hearing set for 9/7/07 at 10:00 a.m.

■ [For further details see text below.]

Docketing to mail notices.

---

### STATEMENT

    Plaintiff, Jermaine Walker, currently in custody at the Stateville Correctional Center, has filed a civil rights amended complaint pursuant to 42 U.S.C. § 1983 naming as defendants Stateville officials Terry McCann, Mark Hosey, and Phillip Michel. The amended complaint supersedes the original complaint, and the court will consider only the claims and parties listed in an amended complaint. Plaintiff claims that he was unfairly disciplined for refusing to cut his dredlocks and that he was forced to cut his hair against his religious beliefs. He also contends that prison officials tampered with his legal mail.

    The court finds that plaintiff is unable to prepay the filing fee and grants his motion to file his complaint *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $51.00. The supervisor of inmate trust accounts at Stateville Correctional Center is authorized to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The Stateville Correctional Center inmate trust account office shall notify state correctional authorities of any outstanding balance in the event plaintiff is transferred to another state correctional facility.

**(CONTINUED)**

| | isk |
|---|---|

045690

Page 1 of 2

*Forward to Grievance Officer* M.S. CAB

# ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: JULY 24, 2007 | Committed Person: (Please Print) JERMAINE WALKER | ID#: B52757 |
|---|---|---|
| Present Facility: PONTIAC C.C. | Facility where grievance issue occurred: PONTIAC C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [x] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): **LEGAL MAIL**

- [ ] Disciplinary Report: _____ / _____ / _____
  Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On the above date, this c/o Lindsay #5442 gave me my state of Illinois, Court of Claims mail as regular mail. Basically, this is mail misconduct, and this same incident occurred on grievance filed 7/4/07. In other words, my legal mail was read and opened without my presence. Lt. Scrogum #3364 was also notified, but he failed to adhere to this violation. Legalistically, in accordance with Pontiac C.C., Offender Orientation Manual P. 20, clearly specify my incoming mail from Court of Claims of Illinois shall be process as legal." (CONT.)

**Relief Requested:** FOR MAIL ROOM'S SUPERVISOR AND RESPONSIBLE STAFF CHARGE WITH FEDERAL VIOLATIONS AND D.R. PART 120 VIOLATIONS. TO BE REWARDED AND COMPENSATED FOR THESE MAIL VIOLATIONS. ALL LEGAL AND PRIVILEGE MAIL OPENED IN MY PRESENCE.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| _____ | _____ | ___/___/___ |
|---|---|---|
| Committed Person's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: 7, 30, 07 | [x] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277. Springfield, IL 62794-9277 |
|---|---|---|

Response: The examples you have shown here are NOT legal mail - Issue is MOOT. No further action is warranted (mail from Clerk is not legal mail)

| J Crager | _____ | 7, 30, 07 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

### EMERGENCY REVIEW

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [x] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |
|---|---|---|

| _____ | ___/___/___ |
|---|---|
| Chief Administrative Officer's Signature | Date |

mail. Evidently, the mailroom's staff and supervisor are in violation of Federal laws, local laws, and D.R. PART 120; (120.100 Violation of Rules), (120.80 Conflicts of interest), (120.40 Compliance with laws and Regulations "(a) * (c)"), (120.15 Responsibilities "(a)"), and (D.R. 525.110 "(h) * (h of 3)) of I.D.O.C.

Note: (3) Exhibit Attachments (EX.A)(EX.I)(EX.Ii)

**NOTE:** STATE "*out of claims*" "OPENED WITHOUT *presence*".

**See:** DEPARTMENTAL RULES [D.R. 525.110 "(h) and (h of 3)"] EX

ON 7/24/10

C/O Lindsay #545

gave me this
Privilege and
Legal Mail

Opened



EX.1i

NOTE: STATE "Court of Claims" LEGAL mAIL Receipt.

NOTE: 5/24/07 "Court of Claims" Posted mark envelope OPENED
IN MY PRESENCE

---

**LEGAL MAIL RECEIPT**

( ) PACKAGE

**STATEVILLE  CORRECTIONAL CENTER, JOLIET, IL 60434**

RESIDENT J. Walker  REGISTER NO. B52757  LOCATION RA 105

FROM MAIL OFFICE　　　　DATE 5-29-07  RE-ROUTE _____

LEGAL MAIL FROM: Crt of Claims - Spr.

SIGNATURES: _____ DATE 5-30-7
OFFICER HANDING OUT LEGAL MAIL

X Jermaine Walker _____ DATE _____
INMATE RECEIVING LEGAL MAIL

( ) CERTIFIED　( ) EXPRESS　( ) FED EX　( ) UPS　( ) DELIVERY CONFIRMATION

PLEASE RETURN THIS FORM TO THE MAIL OFFICE.  THANK YOU.

IL 426-9289
DCA-16174

# ATTACHMENT A4

## Grievance Officer's Report

Date Received: September 10, 2007     Date of Review: October 30, 3007     Grievance # (optional): 045971

Committed Person: Jermaine Walker     ID#: B-52757

Nature of Grievance: Staff Conduct

**Facts Reviewed:** Offender grieves on 09-04-07 receiving a legal manila envelope postmarked 08-29-07 and the weight was ninety seven cents ($0.97) postage paid. Enclosed in the envelope was only four (4) sheets of paper. Grievant alleges "basically somewhere starting from the Mailroom to ECH cage I'm missing more documents for paid postage proves more enclosures then four (4) sheets of paper ".

Counselor's response indicates there is no proof you are missing any paperwork. The large envelopes cost more to mail than a regular size envelope, some are a heavier weight than others.

This Grievance Officer reviewed the above correspondence and basically concurs with the response of the counselor. Grievant bases his complaint on own claim and personal opinion without tangible proof as to the allegation. Offender provides no proof other than his opinion that more forms were enclosed in the envelope due to the postage charged on the envelope itself. This Grievance is denied based on a lack of validity on behalf of the Grievant. No evidence of staff misconduct can be found by this Grievance Officer.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be DENIED as he fails to substantiate his allegations of staff misconduct in the contents of the grievance.

_____     _____
R. HASTINGS CCII
Print Grievance Officer's Name     Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

## Chief Administrative Officer's Response

Date Received: 10-31-07     ☑ I concur    ☐ I do not concur    ☐ Remand

Comments:

_____     10-31-07
Chief Administrative Officer's Signature     Date

## Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____     _____     _____
Committed Person's Signature     ID#     Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 9/4/07 | Committed Person: (Please Print) Jermaine Walker | ID#: B52757 |
|---|---|---|
| Present Facility: PONTIAC C.C. | Facility where grievance issue occurred: PONTIAC C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property ☒ Mail Handling ☐ Restoration of Good Time ☐ Disability
☒ Staff Conduct ☐ Dietary ☐ Medical Treatment ☒ Other (specify): **LEGAL DOCUMENTS**
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: ___/___/___
                        Date of Report                    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On the above date, I recieved a legal manila envelope, from U.S District Court, Northern District of Illinois. Evidently, the post-marked was (8/29/07) and weight of enclosures is (¢.97) postage paid.

Realistically, this C/O (Milloski # 3243) gave me this mail opened, and he was made aware of the amount of postage, because I was only in reciept of 4 sheet of papers. I've (1) cover sheet, (1) instructional sheet, and a (2) page Docket entry of Statement Filed (8/28/07). Basically, somewhere starting from the Mailroom up to ECH'S Cage, I'm missing more documents, for paid postage prove more enclosures than 4 sheets of paper. SEE Exh

Relief Requested: **FOR ALL RESPONSIBLE PARTIES PUNISHED FOR CARELESS AND RECKLESS MAIL HANDLINGS. FOR ALL MISSING ENCLOSURES RETURNED IMMEDIATELY.**

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____
Committed Person's Signature

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 9, 7, 07    ☒ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: There is no proof you are missing any paperwork. The large envelopes cost more to mail than a regular size envelope, some are a heavier weight than others.

J Gragert                    [signature]                    9, 7, 07
Print Counselor's Name       Counselor's Signature           Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___

Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
                                                    ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____
Chief Administrative Officer's Signature                    ___/___/___
                                                            Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**C    MITTED PERSON'S GRIEVANCE** (Conti    )



OFFICE OF
CLERK OF THE U.S. DISTRICT COURT
UNITED STATES COURTHOUSE
CHICAGO, IL 60604

OFFICIAL BUSINESS

049J82032773

$00.970
08/29/2007
Mailed From 60904
US POSTAGE



Jermaine Walker
B–52757 :
Pontiac – PON
P.O. Box 99
Pontiac, IL 61764

(4) ENCLOSURES INSIDE
1.) Address sheet (1 page)
2.) Court Docket Statement (2 pages)
3.) INSTRUCTIONAL Guideline (1 page)
4.) Total pages (4) sheets only

145971

# ATTACHMENT A5

| Grievance Officer's Report |
|---|

**Date Received:** September 24, 2007     **Date of Review:** October 26, 2007     **Grievance #** (optional): 046070

**Committed Person:** Jermaine Walker        **ID#:** B-52757

**Nature of Grievance:** Mail Handling

**Facts Reviewed:** Offender grieves his mail is being delivered to him extremely late. He alleges on 09-10-07 receiving a letter from the U.S. District Court and the postmark was 08-31-07. Grievant alleges 'evidently this is tampering with first class mail for my court documents are held for a total of ten (10) days before I receive my legal documents". "So, this is mail handling misconduct".

Counselor's response indicates per Mailroom Supervisor, mail is processed as quickly as possible.

This Grievance Officer reviewed the above correspondence and basically concurs with response of the counselor. This Officer determines the Offender does not realize that any and all mail, before delivery to this facility, is subjected to processing by various distribution points. This Officer considers the allegations of the Grievant to be rather inane for indicating the facility Mailroom is to blame for the lateness of his mail without taking into account the outside mitigating factors involved. This Grievance Officer sees no evidence of mishandling by this facility's Mailroom nor staff members and denies the grievance for a lack of validity on behalf of the offender.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be DENIED as he fails to substantiate his allegation of mail mishandling by this facility's staff.

R HASTINGS CCIL
_____
Print Grievance Officer's Name

_____
Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

**Date Received:** 10-31-07    ☑ I concur    ☐ I do not concur    ☐ Remand

**Comments:**

Eddie Jones Jr
_____
Chief Administrative Officer's Signature

10-31-07
_____
Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____
Committed Person's Signature

_____
ID#

_____
Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: SEPT. 10. 2007 | Committed Person: (Please Print) JERMAINE WALKER | ID#: B52757 |
|---|---|---|
| Present Facility: PONTIAC C.C. | Facility where grievance issue occurred: PONTIAC C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [X] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [X] Other (specify): **DELAYED COURT MAIL**

- [ ] Disciplinary Report: _____ / _____ / _____
  Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: On 9/10/07, this (c/o Hyslop # 7958) gave me
a letter from "U.S. District Court, 219 S. Dearborn St., Chicago, Ill.
60604," and the post marked date was (8/31/07).

Evidently, this is tampering with first class mail,
for my courts documents are held for a total of 10 days before
I recieve my legal documents.

So therefore, this is mail handling misconduct.
★ See (EX. A envelope)

Relief Requested: FOR THESE RESPONSIBLE MAIL HANDLERS PENALIZED FOR THESE
MAIL HANDLING MISCONDUCT IMMEDIATELY. FOR ALL MY LEGAL CORRESPONDENCE
PROCESSED PROMPTLY AS PRIORITY MAIL.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    _____    _____
Committed Person's Signature              ID#                      Date
(Continue on reverse side if necessary)

| Date Received: 9, 13, 07 | Counselor's Response (If applicable) |
|---|---|
| | [X] Send directly to Grievance Officer     [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: Per mail Room Supervisor, the mail is
processed as quickly as possible

_____    _____    _____
J Gragert                        (signature)              9, 13, 07
Print Counselor's Name           Counselor's Signature     Date of Response

**EMERGENCY REVIEW**

Date
Received: _____ / _____ / _____          Is this determined to be of an emergency nature?
   [ ] Yes: expedite emergency grievance
   [ ] No; an emergency is not substantiated.
   Committed person should submit this grievance
   in the normal manner.

_____                    _____ / _____ / _____
Chief Administrative Officer's Signature                          Date

Distribution: Master File; Committed Person          Page 1          DOC 0046 (Eff.10/2001)
                                                                      (Replaces DC 5657)
Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
COMMITTED PERSON'S GRIEVANCE (Continued)

NOTE: (8/31/07)
POST MARKED DATE

EX.A

See: 525.120(a) PROCESS
VOILATION.

ENCLOSURE: (2) pages of
Latest docket Entry for
(NO. 07 C 3083), Request
form.



$00.4.10
08/31/2007
Mailed From 60604
US POSTAGE

049J82032773

neopost

Jermaine Walker
B-52757
P.O. Box 99
Pontiac, IL 61764

046070

C607

61764+0033

OFFICE OF
CLERK OF THE U.S. DISTRICT COURT
PRISONER CORRESPONDENCE
UNITED STATES COURT HOUSE
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

Distribution: Master File; Committed Person

Printed on Recycled Paper

(Replaces DC 5657)

# ATTACHMENT A6

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** November 5, 2007          **Date of Review:** January 3, 2008          **Grievance #** (optional): 046304

**Committed Person:** Jermaine Walker          **ID#:** B-52757

**Nature of Grievance:** Staff Conduct/property

**Facts Reviewed:** Offender grieves on 10-26-07 "I only received half of my paid certified copies from the Court of Laims, Northern District of Illinois which I paid $42.00 for these specific copies". "Evidently, Personal Property is responsible for holding these certified court copies for they were stamped and mailed on 10-16-07 and I received on the above date these three certified booklets sealed and stapled inside a brown paper bag". "Furthermore I'm not in receipt of correct requested order form (#0907-44) which is missing the initial mailing envelope. specific requested letter, complaint #27 and complete docket entriespaid certified copies for case (#07cv3083) in Federal Court of Claims).

Counselor's response indicates per personal property records, you received a package from US District Court, Chicago on 10-22-07. Everything that came in was given to you.

This Grievance Officer reviewed the above correspondence and contacted Property Officer C/O Merkens. C/O Merkens verified through the (Shakedown of Incoming/Outgoing Property/Mail) log made available to this Officer that on 10-22-07 Property received  legal mail for the Grievant from Clerk of US District Court from Chicago, Illinois.  C/O Merkens indicated the mail was open for inspection as per 20 Ill. Adm Code Section 525.140 ( Incoming Mail).  The contents was inspected and sent intact to the Offender.

This Grievance Officer reviewed 20 Ill. Adm. Code Section 525.140 which indicates that all incoming non-privileged mail, including mail from clerks of courts shall be opened and inspected for contraband. Based upon all available information and documentation this Officer sees no sign of misconduct by staff as proper procedure was followed in the implementation of checking incoming mail.

**Recommendation:**  Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be denied as he fails to substantiate his allegations of misconduct by staff in the contents of the grievance.

_____          _____
Print Grievance Officer's Name          Grievance Officer's Signature
**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

**Date Received:** 1-14-08          ☑ I concur          ☐ I do not concur          ☐ Remand

**Comments:**

_____                              1-14-08
Chief Administrative Officer's Signature                              Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____          _____          _____
Committed Person's Signature                              ID#                              Date

**ILLINOIS DEPARTMENT OF CORRECTIONS**

**COMMITTED PERSON'S GRIEVANCE**

| Date: OCT 26, 2007 | Committed Person: (Please Print) JERMAINE/WALKER | ID#: B52757 |
|---|---|---|
| Present Facility: PONTIAC C.C. | Facility where grievance issue occurred: | PONTIAC C.C. |

**NATURE OF GRIEVANCE:**

- [X] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [X] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [X] Other (specify): CERTIFIED LEGAL MAIL

- [ ] Disciplinary Report: ___/___/___ Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 10/26/07, I only received half my paid requested certified copies from Court of Claims, Northern District of Illinois which I paid ($42.00) for these specific copies.
   Evidently, Personal Property is responsible for holding these Certified Court copies, for they were stamped and mailed on (10/16/07), and I received on the above date, these (3) Certified booklets sealed and stapled inside a brown paper bag by c/o GOWAN #3229 on 1st shift.
   Furthermore, I'm not in receipt of correct requested order form (#0907-44), which is missing the initial mailing envelope, (CONT. OVER)

Relief Requested: FOR THESE RESPONSIBLE OFFICIALS CHARGED WITH FULL PENALTIES FOR OBSTRUCTING COURT DEADLINES, AND ILLEGALLY HOLDING CERTIFIED COURT MAIL FOR 10 DAYS. FOR ALL PAID DOCUMENTS REFUNDED IN ACCORDANCE REQUEST RECEIPT (#0907-44, $42.00)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____ _____ _____
Committed Person's Signature      ID#      Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

| Date Received: 10, 31, 07 | [X] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: Per personal property records, you received a pkg from US Dist Court, Chicago on 10-22-07. Everything that came in was given to you.

J Graget _____ QBSA _____ 10, 31, 07
Print Counselor's Name      Counselor's Signature      Date of Response

**EMERGENCY REVIEW**

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? NOV 5 2007 | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |
|---|---|---|

**Pontiac Corr. Ctr.**
**Grievance Off.**

_____ _____
Chief Administrative Officer's Signature      Date

Printed on Recycled Paper

COMMITTED PERSON'S GRIEVANCE (Continued) 046304

specific requested letter, complaint #27 and complete docket entries
paid certified copies for case (NO. 07CV3083), in the Federal
Court of Claims.
SEE: Attachment EX.X and EX.Y
* (EX.X) Specific Certified copy request letter
* (EX.Y) Request No. (0907-44) receipt

Sept. 17, 2007

*EX.X*

<u>RETURN REQUESTED RECIEPTS</u>

Certified Copies Desk
U.S. District Court
219 So. Dearbon St.
Chicago, Ill. 60604

046304

**RECEIVED**

SEP 2 5 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Dear Certified Copies Desk:
RE: 07-CV-03083
HON. JUDGE BUCKLO

I'm the plaintiff in the above entitled cause. I am requesting certified copies of the following filings:

A.) Motion for Summary Judgment, mailed 9/11/07 ──→ "MISSING"

B.) Motion for Additional Evidence, mailed 9/11/07 (23 ct) RECEIVED

C.) Attached Exhibits, mailed 9/11/07

D.) (Document #27) Second Amended Complaint ──→ "MISSING"

E.) (Document #28) Exhibit Contents (41 ct) RECEIVED

F.) (Document #29) Additional Exhibit contents (34 ct) RECEIVED "MISSING"

G.) Complete Civil Docket Entries ──→ "MISSING"

In closing, please return a copy of this (letter) and (envelope) after "stamped as received" to confirm your receipt, include the above requested documents. Please forward this request to my present address. THANK YOU!

Very truly yours,

Jermaine Walker

Jermaine Walker (B52757)

*EX.Y*

# UNITED STATES DISTRICT COURT
## UNITED STATES COURTHOUSE
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS  60604

**MICHAEL W. DOBBINS**
CLERK

**OFFICE OF THE CLERK**
CERTIFIED COPY DESK
312-435-5699

September 25, 2007

Request No.: 0907-44

In Re:  07CV3083

The total cost of the service you requested is:    $42.00
This cost includes:

84 Photocopies @ $.50 per page                                    $42.00

                                              Total:              $42.00

0 4 6 3 0 4

Please make your remittance in the form of check or money order, indicating the request number above, and made payable to:  Clerk, United States District Court.  **Do not send cash**.  Please return this form with your check.

Sincerely yours,

By: David Jozwiak

Deputy Clerk

(db.frm Rev. 01/98)

INMATE PERSONAL PROPERTY

SHAKEDOWN OF INCOMING/OUTGOING PROPERTY/MAIL

| Date | Inmate Name | Inmate # | Description of Items | Mailing Address To/From | Type S/D | Shook down by | Disposition/Comments |
|------|-------------|----------|----------------------|--------------------------|----------|----------------|------------------------|
| 10-22-07 | Borne | R40204 | 1-prayer rug<br>1-booklet | Americanarab Message<br>4045 W 13 Mi<br>Royal Oak MI 48073 | 3 | Mehukens | OK |
| 10-22-07 | Valderrama | K74523 | 1-puzzle<br>1-invoice | Puzzle House<br>PO Box204 | 3 | Mehukens | OK |
| 10-22-07 | Walker | B52757 | misc-legal | Peterborough NH 03458<br>Clerk US District Court<br>United States Courthouse<br>Chgo IL 60604 | 3 | Mehukens | OK |
| 10-22-07 | Allen | R46535 | 2-books<br>1-invoice | Tru Life Publishing<br>PO Box 21224<br>Brooklyn NY 11201 | 3 | Mehukens | OK |
| 10-22-07 | Gutierrez | R57154 | 1-Bible | Chillicothe Bible Church<br>434 West Moffitt<br>Chillicothe IL 61523 | 3 | Mehukens | OK |
| 10-22-07 | Anderson | A04246 | 2-books<br>1-letter<br>1-pamphlet | Books to Prisoners<br>92 Pike St Box A<br>Seattle WA 78101 | 3 | Mehukens | OK |
| 10-22-07 | Vines | B64783 | 73-photos<br>1-letter | Kelly Bowen<br>1620 S. Elm St<br>Burr Ridge IL 60527 | 3 | Mehukens | OK |

P-36H (eff. 5/01)

# EXHIBIT B

STATE OF ILLINOIS            )
                            )
COUNTY OF SANGAMON          )

### AFFIDAVIT

I, **MELODY J. FORD, being** first duly sworn upon oath, state that I have personal knowledge
of the facts set forth herein, that I am competent to testify and if called to testify would
state as follows:

1. I am a Chairperson with the Office of Inmate Issues for the Illinois Department of
   Corrections ("the Department") and have held this position since August 1, 2001. I have
   been employed by the Department in various capacities since June 1993. As an
   Administrative Review Board ("ARB") Chairperson, my duties involve, among other things,
   review and respond to grievances filed by Department inmates in the manner set forth
   herein.

2. Inmates incarcerated within the Department may file grievances in accordance with
   Department Rule 504F: Grievance Procedures for Committed Persons. Generally, an
   inmate must first attempt to resolve grievances through his counselor. If the grieved issue
   remains unresolved after such informal efforts, or for example, involves a disciplinary
   proceeding, the inmate may submit a written grievance on a grievance form to the facility
   Grievance Officer designated by the Chief Administrative Officer ("CAO"). The Grievance
   Officer may personally interview the inmate and/or other witnesses as deemed
   appropriate and obtain relevant documents to determine the merits of the inmate's
   grievance. Upon completion of such investigation, the Grievance Officer's conclusions
   and if appropriate, recommended relief is forwarded to the CAO. The CAO, or CAO's
   designee's, decision is then submitted to the grieving inmate.

3. If, after receiving the CAO's decision the inmate feels the issue is unresolved, he may appeal in writing to the Director of the Department by submitting the Grievance Officer's report and CAO's decision. The ARB, as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. If so, the inmate is so advised. Other matters are scheduled for an ARB hearing involving an interview of the grieving inmate, examining relevant documents and at the ARB's discretion, calling witnesses. The ARB submits a written report of its findings and recommendations to the Director or Director's designee who then reviews the report and makes a final determination on the grievance. A copy of the ARB's report and the Director's final decision is sent to the inmate who filed the grievance. The originals of these documents are maintained in the ARB's files. Department Rule 504F: Grievance Procedures for Committed Person provides no further means for review beyond this step.

4. Certain issues may be grievance directly to the ARB, rather than first through a counselor or grievance officer. These issues include:

    a. Decisions involving the involuntary administration of psychotropic medication;

    b. Decisions regarding protective custody placement, including continued placement in or release from protective custody;

    c. Decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and

    d. Other issues except personal property issues which pertain to a facility other than the facility where the inmate is currently assigned.

These grievances are then handled in accordance with the procedures described in paragraph 3 above.

5. An inmate may request a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO rather than to a counselor or grievance officer. If the CAO

determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance may be handled on an emergency basis. An inmate may appeal the CAO's decision in such a situation to the ARB. The appeal is then handled in accordance with the procedure described in paragraph 3 above.

6. The grievance procedure may not be utilized for complaints regarding decisions which are outside the Department's authority such as parole decisions, clemency or orders regarding the length of sentences or decisions which have been reviewed by the Director.

7. At the request of the Attorney General's Office, I have searched the ARB's records in regard to Offender Jermaine Walker, Register Number B52757. ARB records indicate this office has not processed a grievance regarding interference nor a delay of handling legal mail at either Stateville or Pontiac Correctional Center from 2007 to the present.

I have read the foregoing and affirm that the facts contained herein are true and correct to the best of my knowledge and belief.

**FURTHER AFFIANT SAYETH NOT.**

_Melody J. Ford_
Melody J. Ford

SUBSCRIBED AND SWORN TO
before me on the date of June 26, 2008.

_Margaret E. Baugher_
NOTARY PUBLIC

OFFICIAL SEAL
MARG         CHER
NOTA         OIS
MY CO.      2011

OFFICIAL SEAL
MARGARET E. BAUGHER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-6-2011