IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERMAINE WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1542 |
| | ) | |
| v. | ) | Honorable Elaine E. Bucklo |
| | ) | Judge Presiding |
| ERIC MICHAELEK, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, DANIEL LUCE, DAVID MANSFIELD, TAMMY GARCIA and ERIC MICHAELEK, by and through their attorney, LISA MADIGAN, Attorney General of Illinois, and in further support of their motion for summary judgment, respectfully submit this memorandum in support their motion for summary judgment and state as follows:

**I. INTRODUCTION**

Plaintiff, Jermaine Walker, is an inmate in the custody of the Illinois Department of Corrections and is currently incarcerated at Hill Correctional Center. Plaintiff filed suit under 42 U.S.C. § 1983 alleging that his "civil rights" were violated when Defendants interfered with and delayed his "legal mail" from the "Supreme Court" and U.S. District Court in May and June, 2007.[1] (*See* Plaintiff's Complaint). Plaintiff further alleges that his "legal mail" from the courts was opened

---

[1] With regard to the language in paragraph 1 of Plaintiff's Complaint referring to exercising his religion, excessive punishment, and the denial of a transfer, Defendants note that Plaintiff has another Section 1983 suit pending before this Court, *Walker v. McCann, et al.* (07 CV 3083). That suit alleges that Plaintiff's civil rights were violated in March - May, 2007 at Stateville Correctional Center when he was denied the right to practice the Rastifarian religion by having dread locks. Plaintiff alleges in that suit that he was disciplined with segregation time and denied a transfer to another facility because he refused to cut his dread locks.

and read outside of his presence. *Id*.

Defendants maintain that, based on the evidence, there is no genuine issue of material fact regarding Plaintiff's failure to exhaust his administrative remedies pursuant to the system established by the Illinois Department of Corrections. Under the Prison Litigation Reform Act ("P.L.R.A."), exhaustion is a precondition to an inmate's filing of a Section 1983 law suit alleging violations of constitutional rights. 42 U.S.C. § 1997e(a); see also *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) ("There is no question that exhaustion is mandatory under the P.L.R.A. and that unexhausted claims cannot be brought in court."), *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed. 368 (2006), *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L. Ed. 2d 12 (2002), and *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed. 2d 958 (2001). Consequently, the Court must grant Defendants' motion for summary judgment.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate and shall be rendered when the pleadings, depositions, answers to interrogatories, together with affidavits, show no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-324 (1986). Further, although "Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," *id*., the Seventh Circuit recently instructed that "discovery with respect to the merits must not be begun until the issue of exhaustion is resolved." *Pavey v. Conley*, 2008 WL 2277494 at * 2-3 (7th Cir., June 5, 2008)

The moving party has the initial burden to establish that there is no question of fact that is

outcome determinative in the case. *Id.* Once the moving party meets this burden, the opposing party must go beyond its pleadings and set forth specific facts showing the existence of a genuine issue of material fact. *Id.* The opposing party cannot rely on general conclusory allegations, but rather "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Valentine v. Joliet Township High School Dist.*, 802 F.2d 981, 986 (7th Cir. 1986). All inferences from the record must be viewed in a light most favorable to the non-moving party. *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir. 1990). However, the Court is not required to evaluate every conceivable inference that can be drawn from evidentiary matters, only reasonable ones. *Spring v. Sheboygan Area School Dist.*, 865 F.2d 883, 886 (7th Cir. 1989). If the evidence is only colorable, or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). Once the moving party seeking summary judgment meets its initial burden of informing the Court of the basis for its motion and identifying the portions of those pleadings and supporting documents which it believes demonstrate the absence of a genuine issue of material fact, the burden shifts to the non-moving party to demonstrate a genuine issue of material fact. See *Id.*

Moreover, the non-moving party may not defeat a motion for summary judgment by simply resting on its pleadings. *Beard v. Whitley County REMC*, 840 F.2d 406, 410 (7th Cir. 1988). Rather, Rule 56 (c) requires the non-moving party to go beyond its pleadings and demonstrate the existence of a genuine issue for trial using specific facts in its own affidavits, depositions, answers to interrogatories, or admissions on file. *Celotex*, 477 U.S. at 324. In this case, Defendants submit that there is no genuine issue of material fact on the issue of exhaustion of administrative remedies. Defendants therefore request that summary judgment be entered in their favor and against Plaintiff.

### III.  ARGUMENT

**<u>PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES</u>**

Because Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. §1997e(a) prior to filing this law suit, the Court does not have the discretion to resolve the merits of Plaintiff's claims. The P.L.R.A. forbids an action from being brought by a state prisoner under 42 U.S.C. §1983 "...until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Therefore, an inmate's exhaustion of available administrative remedies is a mandatory requirement prior to filing a civil rights action under Section 1983. *Woodford*, 548 U.S. at 90, 93-95. Further, the P.L.R.A.'s exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The P.L.R.A. also requires proper exhaustion, which means "using all steps that the agency holds out, and doing so *properly*." *Woodford,* 548 U.S. at 90, 93-95 (internal quotations omitted and emphasis in original).

Illinois has a formal administrative grievance procedure for inmates in the custody of the Illinois Department of Corrections. *See* 20 Ill. Adm. Code §504.800 *et seq*. Generally, an inmate must first attempt to resolve issues or complaints with his counselor. 20 Ill. Adm. Code §504.810. If the inmate is unable to resolve the conflict with his counselor, the inmate may file a written grievance on a grievance form within sixty days of an incident, problem or complaint. *Id.* The grievance is addressed to the Grievance Officer and deposited in a mailbox provided by the institution. *Id.* Staff is available to aid in the preparation of such grievances, and all inmates are entitled to take advantage of the grievance procedure. *Id.*

Prison employees serve as Grievance Officers, unless a given employee is directly related to

the subject matter of the grievance. 20 Ill. Adm. Code §504.820. Grievances are reviewed weekly and findings and recommendations are made in writing by the Grievance Officer to the Warden, or the Chief Administrative Officer, of the facility or his designee. 20 Ill. Adm. Code §504.830. The inmate is then informed of that decision. *Id.* Grievances on issues that are deemed without merit are returned to the inmate as "denied." *Id.* No-merit grievances include those that have been previously addressed for which there is no additional information or those that involve issues not affecting or involving the inmate. *Id.* Grievances can go directly to the warden if there is a risk of imminent injury or irreparable harm to the inmate. 20 Ill. Adm. Code §504.840.

If, after receiving the Chief Administrative Officer's decision, the inmate feels the issue is unresolved, he may appeal in writing to the Director of the Department by submitting the Grievance Officer's Report, which includes the Chief Administrative Officer's decision, to the Director. 20 Ill. Adm. Code §504.850. The Administrative Review Board ("ARB"), as the Director's designee, reviews the appeal and determines whether the inmate's grievance can be resolved without a hearing. *Id.* If so, the inmate is so advised. *Id.* Other matters are scheduled for an ARB hearing during which the ARB may, at its discretion, call witnesses and examine records. *Id.*

The ARB then submits a written report of its findings and recommendations to the Director or Director's designee, who reviews the report and makes a final determination on the grievance. *Id.* A copy of the ARB's report and the Director's final decision are sent to the grieving inmate. *Id.* The originals of these documents are maintained in the ARB files pursuant to Department Rule 504F:, Grievance Procedures for Committed Persons, which provides for no further means for review beyond this step. (Exhibit B, Affidavit of Melody Ford (hereinafter "Ex. B"); Local Rule 56.1 Statement of Facts (hereinafter "SOF") at ¶ 7).

Certain issues may be grieved directly to the ARB, rather than first through a counselor or grievance officer. These issues include:

a. Decisions regarding protective custody placement, including continued placement in or release from protective custody;
b. Decisions involving the involuntary administration of psychotropic medication;
c. Decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and
d. Other issues except personal property issues which pertain to a facility other than the facility where the inmate is currently assigned.

20 Ill. Adm. Code §504.870.

An inmate may request that a grievance be handled as an emergency by forwarding the grievance directly to the Chief Administrative Officer rather than a counselor or Grievance Officer. If it is determined that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance may be handled on an emergency basis. An inmate may appeal the Chief Administrative Officer's decision in such a situation to the ARB. The appeal is then handled in accordance with the procedures described *supra.*

The P.L.R.A.'s exhaustion requirement can only be satisfied if the prisoner completes the administrative process "by following the rules the state has established for that process." *Dixon v. Page*, 291 F.3d 485, 489-491 (7th Cir. 2002) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002) and holding that an inmate failed to exhaust administrative remedies when he failed to appeal his grievances to the Director). Also, as stated earlier, the P.L.R.A. requires <u>proper</u> exhaustion, which means "using all steps that the agency holds out, and doing so *properly*." *Woodford*, 548 U.S. at 90, 93-95. The Supreme Court's decision in *Woodford* was reaffirmed in *Jones*, 549 U.S. at 922-23, where the Court held that the prison's grievance procedures "define the boundaries of proper exhaustion," and compliance with those procedures is mandatory in order to fully exhaust. Here, Plaintiff failed to

follow the rules of the Illinois Department of Corrections' grievance process, and also failed to properly use <u>all</u> steps held out by the Department in its procedures. As such, Plaintiff's Complaint should be dismissed for failure to exhaust.

Amy Eldert, the Records Office Supervisor at Hill Correctional Center, performed a search of Plaintiff's inmate master file for any grievances referencing or involving interference with or delay of legal mail at Stateville or Pontiac Correctional Centers in 2007. (Exhibit A, Affidavit of Amy Eldert (hereinafter "Ex. A"); SOF at ¶ 9). Eldert's search yielded seven grievances filed by Plaintiff on that issue from June, 2007 to October, 2007. *Id.* The first two grievances were not submitted by Plaintiff to a Grievance Officer after he received a response from his counselor. (Ex. A and attached exhibits A1-A2; SOF at ¶¶ 10-11). Consequently, Plaintiff failed to exhaust his administrative remedies as to those grievances because he failed to take the first step in the grievance process, submitting a formal grievance to the Grievance Officer. (See discussion *supra* at 4 and Ex. B).

The remaining five grievances are equally unexhausted. All five of these grievances were denied by the Grievance Officer and the Chief Administrative Officer. (Ex. A and attached exhibits A3-A6; SOF at ¶¶ 14, 17, 20, 23). Plaintiff failed to appeal any of the grievances to the Director. (Ex. A and attached exhibits A3-A6; Ex. B; SOF at ¶¶ 18, 21, 24, 27). His failure to appeal is evidenced by the blank signature lines on the Grievance Officer's Reports in the boxes labeled "Committed Person's Appeal To The Director." *Id*. Further, Melody Ford, an Administrative Review Board Chairperson, conducted a search of the ARB's files, as the ARB keeps records for all grievances appealed to its office. (Ex. B; SOF at ¶¶ 7-8). Her search of the ARB records located no grievances complaining of legal mail issues that were appealed by Plaintiff to the Director. *Id.* For these five grievances, then, Plaintiff failed to take the last step in the grievance process, appealing to the Director.

There is no evidence that Plaintiff exhausted his administrative remedies pursuant to the requirements of Department Rule 504, 20 Ill. Adm. Code § 504.800 *et seq.*, and the rulings in *Dixon*, 291 F.3d 485, *Jones*, 549 U.S. 199, *Woodford*, 548 U.S. at 90, *Porter*, 534 U.S. 516, and *Booth*, 532 U.S. 731.  Plaintiff failed use all steps made available to him by the Department of Corrections to fully grieve his legal mail issues.  Furthermore, the facts of this case fall squarely within the holding in *Dixon*, 291 F.3d 489-91, where the Seventh Circuit affirmed dismissal of the plaintiff's suit, as the plaintiff failed to exhaust administrative remedies by failing to appeal four of his grievances to the Director, and by failing to exhaust his fifth grievance before filing his Complaint.  Like in *Dixon*, requiring Plaintiff to appeal his grievances to the Director "would furnish the Director with an opportunity to learn of possible infirmities in the prison grievance system and to correct any such infirmities – one of the purposes of § 1997e." *Id.* at 491.

The recent Seventh Circuit decision in *Pavey v. Conley* served to reiterate and make clear that unless an inmate has exhausted his administrative remedies, he may not bring suit in federal court. 2008 WL 2277494 at * 2-3 (7th Cir., June 5, 2008).  This follows earlier holdings that are abundantly clear: "[U]nless the prisoner completes the administrative process by following the rules the State has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).  The Court went so far as to set forth procedure to be followed at the outset of the litigation if exhaustion is contested:

> (1) The district court judge conducts a hearing on exhaustion and permits whatever discovery related to exhaustion (and only to exhaustion) he deems appropriate.  (2) If the Judge determines that the prisoner did not exhaust his administrative remedies, he will then determine whether (a) the plaintiff has unexhausted remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials

> prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner has exhausted his administrative remedies.

*Pavey*, at * 2.

Defendants respectfully submit that a *Pavey* hearing is not necessary in this case, as this motion tenders to the Court all necessary facts from which it can decide the exhaustion issue. Indeed, by filing this motion, Defendants submit that there are no material issues of fact on the issue of exhaustion that could be decided at a hearing. All evidence relevant to Plaintiff's exhaustion of his legal mail issues is incorporated herein. Further, Plaintiff was provided with all grievance determinations made by the Department in connection with his grievances. (*See* Ex. B). Plaintiff should therefore already be in possession of any evidence necessary to rebut Defendants' arguments regarding exhaustion, and will have the opportunity to present evidence in his Response to Defendants' motion for summary judgment.

The evidence presented in this motion shows that there are no issues of material fact with regard to Plaintiff's failure to exhaust his administrative remedies. The evidence also shows that the only one at fault for Plaintiff's failure to exhaust is Plaintiff. The attached grievance documents in connection with the seven grievances submitted by Plaintiff <u>on the legal mail issue alone</u> show that Plaintiff not only understands the grievance process, but uses it early and often when he is unhappy with prison life. (*See* Ex. A, attachments A1-A6). All of Plaintiff's grievances with regard to legal

mail were responded to by prison officials, but Plaintiff nonetheless failed to complete the grievance process. *Id*. Consequently, the Court must dismiss the case as is instructed by scenario 2(c) in *Pavey*: "the failure to exhaust was the prisoner's fault, in which event the case is over."

## IV.   CONCLUSION

Judgment should be granted in favor of the Defendants because Plaintiff did not exhaust his administrative remedies, which under the continuing evolution of P.L.R.A. case law, including *Pavey v. Conley*, 2008 WL 2277494 (7th Cir., June 5, 2008), is a prerequisite for inmates filing a federal law suit under §1983. As a matter of law, this case should not proceed and the Court should find for the Defendants, granting their Motion for Summary Judgment. Accordingly, Defendants respectfully request that the Court enter judgment in their favor on the issue of exhaustion.

Respectfully submitted,

s/Lea T. Nacca

| | |
|---|---|
| LISA MADIGAN | LEA T. NACCA |
| Illinois Attorney General | Assistant Attorney General |
| | General Law Bureau |
| | 100 W. Randolph Street, 13th Floor |
| | Chicago, IL 60601 |
| | (312) 814-4491 |