July 23ʳᵈ, 2008

FILED
JUL 30, 2008
JUL 3 0 2008 MB

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Prisoner Correspondence
Clerks Office
U.S. District Court
219 S. Dearborn St.
Chicago, Ill. 60604


Dear Correspondent :
NO. 08 CV 1542 , Walker v. Michaelek, et al.

## NOTICE of FILING

Please take notice that on the 23ʳᵈ of July 2008
@ 9:00 P.M , the attached three MOTION FOR SUMMARY
JUDGMENT /w Certificate of Service , three LOCAL RULE
56.1 FILING w/ EXHIBITS (A → N) and RESPONSES , were filed
and mailed with Prisoner Correspondence, U.S. District
Court , 219 S. Dearborn St. , Chicago, Ill. 60604

Respectfully submitted,

Jermaine Walker

Jermaine Walker

B-52757

600 S. Linwood Rd.

Galesburg, IL. 61402

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

Jul 30, 2008
JUL 3 0 2008
MB

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JERMAINE WALKER, Plaintiff,

vs.

ERIC MICHAELEK, et al. Defendants.

Case No. 08 C 1542

JUDGE E. BUCKLO

## MOTION FOR SUMMARY JUDGMENT

NOW COMES the Plaintiff, JERMAINE WALKER, pro se, pursuant to Federal Rules of Civil Procedure (RULE 56), moves this Honorable ELAINE E. BUCKLO to grant his Summary Judgment, and dismiss Defendants' motion [19], that's redundant, insubstantial, immaterial, impertinent and scandalous matter. **IN SUPPORT** of Memorandum of Law, Plaintiff asserts:

## IDEAL

The Defendants violated the First, Fourth and Fourteenth Amendments by denial of liberty interest without Due Process or Equal Protection of law, deliberate indifference, official Misconduct, penalty of perjury, legal mail interference, retaliation, and Obstruction of Justice.

## RULE

1.

**A.** Prison Officials violate the First Amendment when they impose a substantial burden on the free exercise thereof; or abridging the freedom to petition the Government for a redress of grievances. U.S.C.A. Const. Amend. 1

"The alleged retaliatory conduct was sufficient to (deter a person of ordinary firmness) from exercising his First Amendment rights." Suppan v. Dodonna, 203 F.3d 235 (3rd Cir. 2000).

"The right of access to the courts ... must be freely exercisable without hindrance or fear of retaliation." Allah v. Seiverling, 229 F.3d 224 (3rd Cir. 2000).

Retaliation by Prison Officials for exercise of a Constitutional right may be actionable, however, even when the retaliatory action does not involve a liberty interest. Stanley v. Litscher, 213 F.3d 340, 343 (7th Cir. 2000).

**B.** Prison Officials violate the Fourteenth Amendment when they do something that is prohibited by one of first ten Amendments. These guarantees are known as the "Equal Protection Clause" and "Due Process Clause." U.S.C.A. Const. Amend. 14

"Equal Protection" means that Prison Officials are not supposed to discriminate against you on the basis of your race or any other arbitrary category, such as

your religion, nationality, sex, income or political beliefs.

"Due Process" means that Prison Officials are not supposed to restrict your access to courts or lawyers, or punish you ( take away your property or liberty, even within prison ) without fair procedure.

Prison Officials had created a liberty interest by virtue of its prison regulations. Sandin v. Conner, 515 U.S. 480 (1995).

Prison Officials violate the Fourteenth Amendment when they deprived the Plaintiff liberty interest as a result of insufficient process. Giano v. Selsky, 238 F.3d 225 (2nd Cir. 2001).

C.    "720 ILCS 5 § 33-3 Official Misconduct". A public Officer or employee or special government agent commits misconduct when, in his official capacity or capacity as a special government agent, he/she commits any of the following acts:

(a) Intentionally or recklessly fails to perform any mandatory duty as required by law; or

(b) Knowingly performs an act which he knows he is forbidden by law to perform; or

(c) With intent to obtain a personal advantage for himself or another, he performs an act in excess of his lawful authority; or

(d) Solicits or knowingly accepts for the

III.

performance of any act a fee or reward which he knows is not authorized by law.

D.     Prison Officials violate Departmental Rules when they deliberately failed to comply with I.D.O.C's Grievance Procedures. 20 ILL. ADM. CODE § 504.800

Illinois Department of Corrections Grievance Officer is required to review, respond and process any disciplinary report grievance at present facility. 20 ILL. ADM CODE § 504.800

CODE § 504.870 Direct Review by Administrative Review Board.

(a) Offender shall submit grievances directly to the Administrative Review Board when grieving:

(3) Decision regarding disciplinary proceedings that were made at a facility other than the facility where the Offender is currently assigned.

(b) The (A.R.B.) shall review, respond and process the grievance in accordance with CODE § 504.850 APPEAL.

# APPLICATION

I.     Defendants violated Plaintiff's First Amendment.

IV.

As Plaintiff asserted in his complaint, upon admission to a temporary transition center (N.R.C.), Northern Reception and Classification Center, for no apparent reasons, Plaintiff was deprived to exercise his First Amendment. As a result, Plaintiff was kept in (N.R.C.)'s segregation cell (RA105), and deprived a primary transfer, adequate food, exercise, law material access, and meaningful access to the courts. Prisoners have a fundamental Constitutional right of access to the courts for redress of grievances. Bounds v. Smith, 430 U.S. 817 (1977). "The right of access to the courts ... must be freely exercisable without hindrance or fear of retaliation." Allah v. Seiverling, 229 F.3d 224 (3rd Cir. 2000). "The alleged retaliatory conduct was sufficient to (deter a person of ordinary firmness) from exercising his First Amendment rights." Suppan v. Dodonna, 203 F.3d 235 (3rd Cir. 2000).

Defendants (LUCE and MANSFIELD) are in violation of Official Misconduct [720 ILCS 5 §33-3] and [20 ILL. ADM. CODE §504.800], for Plaintiff attempted to resolve his issues with the above counselors by filing grievances, complaints, and requests in April and May of 2007.[1] (See Complaint section

---

[1] Refer to filed exhibits in pending law suit before HON. BUCKLO, WALKER v. MCCANN. et al, (NO. 07 CV3083)@ Document [28] and [29].

V.

V., para. 1); (See Exhibits A, B, C and D @ para. 1; para. 4, lines 7 and 8).

Prison Officials knew you were being deprived and did not respond reasonably. Wilson v. Seiter, 501 U.S. 294 (1991); Farmer v. Brennan, 511 U.S. 825 (1994). Plaintiff's grievances and complaint letters was maliciously handled and not making it to it final destinations. So, Plaintiff was free to mail out duplicate copies of complaints about (N.R.C.)'s Officials unlawful behavior to I.D.O.C.'s Director (WALKER) and Governor (BLAGOJEVICH), using the information of (SHEERENE WHITFIELD) and former cellmates (BYRON LASTER B-69174 and JUAN RAMIREZ R-61350). (See Complaint section V., para. 2 and 3); (See Exhibit A, B, C and D)

II.    Defendants violated Plaintiff's Fourteenth Amendment

As Plaintiff asserted and demostrated in his complaint, the Defendants are absolutely liable and fully responsible for not adequately exhausting the Plaintiff's administrative remedies pursuant to 42 U.S.C. §1997 e (a). (See Complaint section V., para. 5, 6 and 7); (See Exhibits E, H, I, J and L). Prison Officials violated the Fourteenth Amendment when they deprived the Plaintiff liberty interest as a result of insufficient Procedural Due Process. Giano v. Selsky, 238 F.3d 225 (2nd Cir. 2001). The (P.L.R.A.)'s exhaustion requirement can

only be satisfied if the prisoner completes the administrative process, and Plaintiff was in absolute compliance, "by following the rules the State has established for that process." 42 U.S.C. § 1997e(a). (See Complaint).

Defendant (GARCIA) and (A.R.B.)'s Chairperson (MELODY FORD) violated Federal laws, State laws, and Departmental Rules when they failed to comply with Grievance Procedures of I.D.O.C. 20 ILL. ADM. CODE § 504. 800.

Defendant (GARCIA) is required to investigate any disciplinary report grievance on a weekly basis at present facility. Plaintiff's disciplinary grievance dated June 6, 2007, regarding legal mail disciplinary report (#200701139) was not reviewed or processed by (GARCIA). But evidently, the disciplinary grievance dated 6/6/07 was forwarded to PONTIAC's segregation alone with a memorandum dated July 5, 2007, and clear states;

"A response to your grievance regarding LEGAL MAIL was not completed prior to your transfer. If this is issue you still wish to pursue, please forward the grievance and this memo to the Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, Ill. 62794-9277, within 30 days of the date of this memo." She adds, "I found no ticket in the system pertaining to LEGAL MAIL."

VII.

(See Complaint section III ; section V., para. 5, 6 and 7) ; (See Exhibit E, H, I, J, L and N).

(A.R.B.)'s Chairperson (MELODY FORD) is in violation of committed perjury, Official Misconduct [720 ILCS 5 § 33-3], and liable under 42 U.S.C. § 1983 for her direct personal involvement. Chairperson (FORD) deprived the Plaintiff of his guranteed Procedural Due Process in accordance to [20 ILL ADM. CODE § 504.870(a)(3)(b)], for she failed to investigate the legal mail grievance date June 6, 2007, and attachments stamped and received by her on July 27, 2007. (See Complaint section V.@ para. 7, lines 7, 8, 9 and 10); (See Exhibits E, F, G, H, I, J and L).

Prison Officials cannot ignore a problem once it is brought to their attention. Courts will also consider any complaints, grievances, and prison records that refer to the problem. Vance v. Peters, 97 F.3d 987 (7th Cir. 1996): Spain v. Procunier, 600 F.2d 189 (9th Cir. 1979)

## CONCLUSION

Defendants are absolutely in violation of the Plaintiffs United States Constitutional Rights. Plaintiff has properly exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a), and the exhaust was the Prison Officials

VIII.

fault, so Plaintiff is entitled to relief under a 42 U.S.C. § 1983.

THEREFORE, Plaintiff respectfully prays that Summary Judgment be entered in his favor and against the Defendants.

JULY 17th, 2007

RESPECTFULLY SUBMITTED,

_Jermaine Walker_
**PLAINTIFF**

JERMAINE WALKER
B-52757
600 S. LINWOOD RD.
GALESBURG, IL. 61402
PRO SE

IX.

# Certificate of Service

I, Jermaine Walker, swear under penalty of perjury that I served a copy of the attached PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT and MEMORANDUM IN SUPPORT on Lea T. Nacca, Asst. Attorney General, 100 W. Randolph St., (13th FL.), Chicago, Ill. 60601, by placing it in the mail at the HILL Correctional Center on _JULY 23RD, 2008_ .

_Jermaine Walker_